UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES C. STULL, | 1:12-CV-00968-MJS (PC) |
| Plaintiff, | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| v. | (ECF NO. 1) |
| S. OCHOA, | AMENDED COMPLAINT DUE WITHIN THIRTY (30) DAYS |
| Defendant. | |

## I. PROCEDURAL HISTORY

Plaintiff James C. Stuff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. (Compl., ECF No. 1.)

Plaintiff's Complaint is now before the Court for screening.

## II. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is

immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393–94 (1989).

### III.  SUMMARY OF COMPLAINT

On September 15, 2009, while being transported by ambulance from Kern Valley State Prison (KVSP) to an off-site hospital for treatment of severe back complications, Plaintiff and the attending emergency medical technician (EMT) became involved in a verbal altercation. (Compl. at 2-3.) As a result, the EMT began pulling on Plaintiff's leg iron causing it to cut into his ankle, continued to verbally harass him and when moving to the front of the ambulance "purposely bumped into Plaintiff really hard, re-aggravating his back injury." (Id.)

Plaintiff, who was cuffed and chained at the waist, swung his arm at the EMT in an attempt to strike him. (Id.). The EMT then threw a punch at Plaintiff's face, grazing his cheek, grabbed Plaintiff's neck, yanking and jerking Plaintiff by the neck and choking him, slamming his head into the gurney and causing Plaintiff excruciating neck and back pain. (Id.)

Defendant Ochoa, a KVSP correctional officer was present in the ambulance, but took no action to intervene or stop the EMT notwithstanding Plaintiff's pleading that he do so, causing Plaintiff injury and violating his Eighth and Fourteenth Amendment rights. (Id. at 3-4)

Plaintiff names as Defendant S. Ochoa, correctional officer. (Id. at 2.)

Plaintiff seeks monetary compensation. (Id. at 7.)

## IV.     ANALYSIS

### A.     Pleading Requirements Generally

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed.R.Civ.P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949–50.

### B.     Failure to Protect

Plaintiff alleges Defendant failed to protect him from the alleged actions of the EMT.

The Eighth Amendment protects prisoners from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). "[A] prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Farmer v. Brennan, 511 U.S. 825, 847 (1994). Prison officials are required to take reasonable measures to guarantee the safety of inmates and officials have a duty to protect prisoners from violence. Farmer, 511 U.S. at 832–33; see also Frost v. Agnos, 152 F.3d

1124, 1128 (9th Cir. 1998)."[T]he official must both [have been] aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed], and he must also [have] draw[n] the inference." Farmer, 511 U.S. at 837.

Plaintiff's allegation that Defendant failed to intervene and stop the EMT's verbal harassment is not sufficient to state a constitutional claim. Verbal harassment of a prisoner generally does not violate the Eighth Amendment. Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996). Plaintiff fails to allege facts sufficient to claim that Defendant was aware of a substantial risk of serious harm and then was deliberately indifferent to this risk so as to "effectively condone" it. Hill v. Godinez, 955 F.Supp. 945, 949 (N.D. Ill. 1997). A merely negligent failure to discover or respond to an attack upon an inmate does not support a deliberate indifference claim. Watts v. Laurent, 774 F.2d 168, 172 (7th Cir. 1985).

Plaintiff's allegation that Defendant failed to intervene and stop the EMT's use of physical force against Plaintiff including a grazing punch to the face and twisting and choking motions to Plaintiff's neck, might state a constitutional claim if under the circumstances:  Plaintiff faced a substantial risk of serious harm; Defendant was aware of such; Defendant was in a position to respond; Defendant had the time and the opportunity to respond; and Defendant disregarded the risk to Plaintiff by failing to take steps reasonably available to him to prevent that harm. The allegations in the existing Complaint lack the factual detail necessary for the Court to determine the plausibility of Plaintiff's claim. Plaintiff fails to allege facts as to the nature and extent of his "severe back complication", the amount and duration of force applied by the EMT, Plaintiff's response to the force, and Defendant's position in the ambulance and his ability to see, hear, and respond to the EMT's actions.

Plaintiff has failed to allege sufficient facts sufficient to support an Eighth Amendment failure to protect claim. The Court will give Plaintiff an opportunity to amend to correct the noted deficiencies. If Plaintiff chooses to amend he must set forth sufficient facts claiming a substantial risk of serious harm and Defendant's deliberate

indifference to this risk.

### C. Medical Indifference

Plaintiff alleges Defendant was deliberately indifferent to his serious medical needs in violation of his Eighth Amendment rights.

"[T]o maintain an Eighth Amendment claim based on medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). The two prong test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992)). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Jett, 439 F.3d at 1096 (citing McGuckin, 974 F.2d at 1060). In order to state a claim for violation of the Eighth Amendment, a plaintiff must allege sufficient facts to support a claim that the named defendants "[knew] of and disregard[ed] an excessive risk to [plaintiff's] health . . . ." Farmer at 837.

Plaintiff's severe back complications necessitating transport by ambulance to an outside hospital, taken as true on screening, are sufficient to show a serious medical need satisfying the first prong of deliberate indifference.[1]

However, nothing before the Court suggests Defendant corrections staff member was aware of any specific risk from Plaintiff's severe back complications or medical chrono and then, out of deliberate indifference to such risk, failed to intervene or stop

---

[1] See McGuckin, 974 F.2d at 1059–60 ("[T]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a 'serious' need for medical treatment.").

-5-

the EMT's alleged actions. Merely negligent actions or omissions are not sufficient to claim deliberate indifference.

Plaintiff fails to allege facts claiming Defendant's deliberate indifference to his serious medical needs. The Court will give Plaintiff an opportunity to amend to correct the noted deficiencies. If Plaintiff chooses to amend he must set forth sufficient facts claiming in addition to his demonstrated serious medical need, a deliberately indifferent response to that need on the part of Defendant.

### D.  Due Process

"The due process clause protects individuals against unlawful governmental interference with their right to life, liberty and property". Foy v. City of Berea, 58 F.3d 227, 231 (6th Cir. 1995). The Fourteenth Amendment protects a citizen's liberty interest in his own bodily security. See Youngberg v. Romeo, 457 U.S. 307, 315–316 (1982). A state actor can be liable for his or her deliberate indifference in failing to protect an individual's Fourteenth Amendment right to safe conditions where "the state takes a person into its custody and holds him there against his will." Foy, 58 F.3d 232; see also DeShaney v. Winnebago Cnty. Dep't. of Soc. Servs., 489 U.S. 189, 199-200 (1989).

However, where a particular amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing a plaintiff's claims." Patel v. Penman, 103 F.3d 868, 874 (9th Cir. 1996) (overruled on other grounds by Nitco Holding Corp., v. Boujikian, 491 F.3d 1086, 1089 (9th Cir. 2007); see also County of Sacramento v. Lewis, 523 U.S. 833, 842 (1998).

In this case, the Eighth Amendment "provides [the] explicit textual source of constitutional protection . . . ." Patel, 103 F.3d at 874.  Therefore, the Eighth Amendment rather than the Due Process Clause of the Fourteenth Amendment governs plaintiff's claims.

### V.  CONCLUSION AND ORDER

1    Plaintiff's Complaint does not state a claim for relief under § 1983. The Court will
2 grant Plaintiff an opportunity to file an amended complaint. Lopez v. Smith, 203 F.3d
3 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).
4    If Plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a
5 deprivation of his constitutional rights. Iqbal, 129 S.Ct. at 1948–49. Plaintiff must set
6 forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at
7 1949 (quoting Twombly, 550 U.S. at 555).
8    Plaintiff should note that although he has been given the opportunity to amend, it
9 is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th
10 Cir. 2007). Plaintiff should carefully read this screening order and focus his efforts on
11 curing the deficiencies set forth above.
12    Finally, Plaintiff is advised that Local Rule 220 requires that an amended
13 complaint be complete in itself without reference to any prior pleading. As a general
14 rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375
15 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint
16 no longer serves any function in the case. Therefore, in an amended complaint, as in
17 an original complaint, each claim and the involvement of each defendant must be
18 sufficiently alleged. The amended complaint should be clearly and boldly titled "First
19 Amended Complaint", refer to the appropriate case number, and be an original signed
20 under penalty of perjury. Plaintiff's amended complaint should be brief. Fed.R.Civ.P.
21 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a
22 right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555.
23    Based on the foregoing, it is **HEREBY ORDERED** that:
24    The Clerk's Office shall send Plaintiff (1) a blank civil rights amended complaint
25 form and (2) a copy of his Complaint filed June 15, 2012.
26    Plaintiff's Complaint is dismissed for failure to state a claim upon which relief
27 may be granted.
28    Plaintiff shall file an amended complaint within thirty (30) days from service of

this order.

If Plaintiff fails to file an amended complaint in compliance with this order, it is recommended that this action be dismissed, with prejudice, for failure to state a claim and failure to prosecute, subject to the "three strikes" provision set forth in 28 U.S.C. § 1915(g). <u>Silva v. Di Vittorio</u> 658 F.3d 1090 (9th Cir. 2011).

IT IS SO ORDERED.

Dated:   June 29, 2012                        /s/ *Michael J. Seng*
                                                  UNITED STATES MAGISTRATE JUDGE