# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES C. STULL,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>S. OCHOA,<br><br>　　　　　Defendant.<br>_____ / | CASE No. 1:12-cv-00968-LJO-MJS (PC)<br><br>ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED WITH PREJUDICE FOR FAILURE TO COMPLY WITH COURT ORDER AND FAILURE TO STATE A CLAIM<br><br>(ECF No. 11)<br><br>FOURTEEN (14) DAY DEADLINE |

　　　Plaintiff James C. Stull is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed June 15, 2012 pursuant to 42 U.S.C. § 1983. (Compl., ECF No. 1). Plaintiff declined Magistrate Judge jurisdiction. (Decline, ECF No. 6).

　　　On June 29, 2012, Plaintiff's Complaint was dismissed for failure to state a claim with leave to file a first amended complaint by not later than August 1, 2012. (Order Dismiss. Compl., ECF No. 5). On August 8, 2012, the Court granted Plaintiff's first request for an extension of time allowing him until September 10, 2012 to file his first amended complaint. (First Order Ext. Time, ECF No. 9). On September 26, 2012, the Court granted Plaintiff's second request for an extension of time allowing him until October 29, 2012 to file his first amended complaint. (Second Order Ext. Time, ECF No. 11). The October 29, 2012 deadline has passed without Plaintiff filing an amended

complaint or requesting an extension of time to do so.

Local Rule 110 provides that "failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

Plaintiff has not responded to the Court's September 26, 2012 order requiring that he file an amended complaint by October 29, 2012.

Accordingly, it is HEREBY ORDERED THAT:

1. Within fourteen (14) days of service of this order, Plaintiff shall show cause as to why his case should not be dismissed for failure to comply with the Court's order and failure to state a claim, and

2. If Plaintiff fails to show cause or file an amended complaint, this action will be dismissed, with prejudice, for failure to state a claim and failure to prosecute, subject to the "three strikes" provision set forth in 28 U.S.C. § 1915(g). Silva v. Di Vittorio, 658 F.3d 1090 (9th Cir. 2011).

IT IS SO ORDERED.

Dated: November 10, 2012            /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE